[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13636
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cr-00200-WTM-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ORESTES ANSELMO FERRER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 2, 2013)

Before TJOFLAT, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Orestes Anselmo Ferrer appeals his 60-month sentences that the district court imposed after he pleaded guilty to one count of conspiracy to manufacture, possess with intent to distribute, and to distribute marijuana, in violation of 21 U.S.C. § 846, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).  On appeal, Ferrer argues that (1) the district court clearly erred in applying a four-level sentencing enhancement for his leadership role in the marijuana conspiracy, and (2) his sentences are substantively unreasonable.  After review of the record and consideration of the parties' briefs, we affirm.

*Aggravating Role Enhancement*

Ferrer contends that the district court erred by imposing a four-level enhancement under U.S.S.G. § 3B1.1(a) based on the court's finding that he was an organizer or leader of the drug conspiracy.  Instead, he should have received only a three-level enhancement under § 3B1.1(b) for being a manager or supervisor because he was not entitled to a greater share of the profits or the fruit of the enterprise, as he did not finance any of the grow house operations.  Ferrer also maintains he did not exercise authority over the operation or other individuals involved in the conspiracy.

The district court did not clearly error in assessing Ferrer a four-level leadership role enhancement.  *See United States v. Caraballo*, 595 F.3d 1214, 1231

2

(11th Cir. 2010).  The Guidelines commentary enumerates seven factors for the district court's consideration in differentiating a leadership role from that of a mere supervisor, including "the claimed right to a larger share of the fruits of the crime," and "the degree of control and authority exercised over others."  U.S.S.G. § 3B1.1, comment. (n.4).  Ferrer's argument mistakenly hinges on the alleged absence of these two factors.  "There is no requirement that all of the considerations have to be present in any one case," *Caraballo*, 595 F.3d at 1231 (quotation omitted), and the record before the district court amply supported the court's finding that Ferrer was a leader or organizer of the conspiracy.  At his brother's trial, Ferrer testified that he set up and ran a marijuana grow house in Savannah, Georgia, was responsible for expanding the operation to a second house in Guyton, Georgia, and was the one who "ma[de] the rules."  Ferrer also referred to the alleged actual leader of the conspiracy, Mike Maleh, as his "partner."  *See* U.S.S.G. § 3B1.1, comment. (n.4) ("There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy.").

The record further demonstrates that Ferrer was responsible for bringing others into the operation, directing the distribution of marijuana, and was involved in over 1,000 drug-related phone calls and text messages during the course of the conspiracy.  *See Caraballo*, 595 F.3d at 1232 (noting that the application of a leadership role enhancement was supported, in part, by evidence the defendant

3

placed 97 phone calls during an alien smuggling operation).  On this record, we cannot say the district court clearly erred in apply the leadership role enhancement.

*Substantive Reasonableness*

Ferrer argues his sentences are substantively unreasonable because the district court did not give him sufficient credit for his substantial assistance to the Government when departing below the Guidelines pursuant to U.S.S.G. § 5K1.1.

Contrary to his arguments, Ferrer's 60-month sentences were substantively reasonable.[1]  The district court explained that, but for the Government's § 5K1.1 motion, the court would have sentenced Ferrer to 78 months' imprisonment based on his prior history and willing participation in a large scale marijuana operation.  The court also explained that it had considered the parties' arguments as well as the § 3553(a) factors.  Given the scope of the conspiracy, Ferrer's central role in the operation, his criminal history, and the district court's articulated reasons for the sentences, we are not left "with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors" or that it "arrived at a sentence that lay outside the range of reasonable sentences dictated by the facts of the case."  *United States v. Gibson*, 708 F.3d 1256, 1275 (11th Cir. 2013) (quotations and brackets omitted).

---

[1] We review the district court's departure outside the Guidelines range for reasonableness "in light of the 18 U.S.C. § 3553(a) factors and the reasons stated by the district court for departing." *United States v. Martin*, 455 F.3d 1227, 1236 (11th Cir. 2006).

Accordingly, Ferrer's sentences are **AFFIRMED.**